FILED
2012 May-21 PM 01:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| SANTINO LAGURLEY SWANIGAN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CASE NO. 6:11-CV-2425-SLB |
| ) | |
| QUALITY CABINET WORK, LLC; ) | |
| JEFF MOBLEY, ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM OPINION

This case is before the court on Motion to Dismiss filed by defendant Quality Cabinet Work, L.L.C., (doc. 7), and Motion to Amend Complaint, (doc. 9), filed by Plaintiff Santino Lagurley Swanigan. Quality Cabinet Work filed the Affidavit of Matthew Frost as evidence in support of its Motion to Dismiss; therefore, the court converted the Motion to Dismiss pursuant to a Motion for Summary Judgment.

In its Motion to Dismiss/Motion for Summary Judgment, defendant Quality Cabinet Work contends, "Pursuant to Rule 12 (b)(1) there is a lack of jurisdiction over the subject matter, in that Quality Cabinet Work LLC did not employ the requisite number (15) of employees to invoke jurisdiction under Title 7 . . . ." (Doc. 7 ¶ 1.) Defendant also contends, "The Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)." (*Id.* ¶ 2.)

Plaintiff's Complaint alleges two causes of action based, in part,[1] on Title VII: Count One – Race and Color Discrimination, and Count Two – Retaliation. (Doc. 1 ¶¶ 19, 22.) Section 2000e-2(a)(1) makes it "an unlawful employment practice for an *employer* . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)(emphasis added). Also, "It shall be an unlawful employment practice for an *employer* to discriminate against any of his employees . . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a)(emphasis added). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e(b).

The Supreme Court has held "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a *jurisdictional* issue." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)(emphasis added). Therefore, defendant's Motion to Dismiss for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), will be denied.

However, defendant has submitted evidence establishing that it had only seven employees at the time of plaintiff's employment. (*See* doc. 7 at 4.) With only seven

---

[1] These claims are also based on 42 U.S.C. § 1981. (*See* doc. 1 ¶¶ 19, 22.)

employees, defendant Quality Cabinet Works is not an "employer" within the meaning of Title VII.  *See* 42 U.S.C. § 2000e(b).  Thus, plaintiff's claims based on Title VII are due to be dismissed, unless plaintiff can rebut defendant's evidence.

> In response to the Motion to Dismiss/Motion for Summary Judgment, plaintiff states:
>
> 1. Plaintiff has filed a Motion to Amend Complaint.
>
> 2. Plaintiff does not object to the dismissal of the Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," and 42 U.S.C. § 2000e *et seq*. claim but Plaintiff does object to the dismissal of the 42 U.S.C. §1981, *et seq*. action since the issue of the number of employees only applies in the Title VII claim.
>
> WHEREFORE, Plaintiff respectfully submits that he has no objection to the dismissal of the Title VII and 42 U.S.C. § 2000e *et seq*. claims but Plaintiff does object to the dismissal of the 42 U.S.C. §1981, *et seq*. claim since the issue of the number of employees does not apply in this claim and only applies in the Title VII claim.

(Doc. 10.)  In his Motion to Amend Complaint, plaintiff states:

> Plaintiff has contacted attorneys for the Defendants. J. Tony Glenn, Attorney for Defendant, Quality Cabinet Work, LLC, he has no objections to the Motion to Amend Complaint and I contacted Matthew B. LeDuke, attorney for Defendant, Jeff Mobley, he objects unless the dismissal of Title VII and Section 42 U.S.C. § 2000(e) claims are with prejudice as to his individual client, Jeff Mobley.

(Doc. 9 ¶ 1.)  Plaintiff requests that his Title VII claims be dismissed without prejudice.  (*Id*. ¶ 4.)

The court finds no cause to dismiss the Title VII claims without prejudice.  First, although defendant Jeff Mobley did not file a Motion to Dismiss, the court notes that Title VII claims are not actionable against individuals.  *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)("Individual capacity suits under Title VII are . . . inappropriate.

The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."). Moreover, as plaintiff concedes, (*see* doc. 9 ¶ 3; doc. 10 ¶ 2), defendant Quality Cabinet Work is not an employer as defined by Title VII, 42 U.S.C. § 2000e(b). Therefore, defendant's Motion to Dismiss/Motion for Summary Judgment will be granted and plaintiff's Title VII claims will be dismissed on the merits. Thus, the dismissal will be with prejudice. *See generally Blevins v. City of Tuskegee*, No. 3:10-CV-619-WKW [WO], 2011 WL 855334 (M.D. Ala. 2011.)

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law as to plaintiff's claims based on Title VII. An Order denying defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and granting its Motion to Dismiss/Motion for Summary Judgment as to the merits of plaintiff's Title VII claims will be entered contemporaneously with this Memorandum Opinion. Also, contemporaneous with this opinion, the court will grant plaintiff's Motion to Amend Complaint.

**DONE**, this 21st day of May, 2012.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE